J. S. GANLEY AND OTHERS v. CITY OF PIPESTONE AND OTHERS.

NEW AMSTERDAM CASUALTY COMPANY, APPELLANT.[1]

July 25, 1919.

No. 21,370.

**Pleading — cross-complaint by surety on contractor's bond.**

Action for balance of contract price on paving contract between partnership and defendant city. Answer by surety on contractor's bond. Motion made one year later by surety to permit it to file cross-complaint to include another paving contract between a corporation with the same

[1]Reported in 173 N. W. 559.

name as the partnership and defendant city. Motion denied because a new cause of action would be brought into the case which would delay the trial over the next regular term. *Held*: No abuse of discretion on the part of the trial court. [Reporter.]

Action in the district court for Pipestone county to recover a balance of $10,992.92 upon a contract. From an order, Nelson, J., denying its motion to serve a cross-complaint, defendant New Amsterdam Casualty Company appealed. Affirmed.

*Kerr, Fowler, Schmitt & Furber* and *O. N. Davies,* for appellant.
*Morris Evans* and *C. T. Howard,* for respondents.

PER CURIAM.

This is an appeal by defendant casualty company from an order denying its application for permission to serve and file a cross-complaint.

It appears from the plaintiff's complaint that on July 13, 1916, plaintiffs, as copartners under the firm name of Ganley Construction Company, entered into a contract with the city of Pipestone to do certain paving in that city and furnish all the labor and material required therefor for the sum of $55,264.42; that they gave the statutory bond to secure the performance of the contract and the payment of all just claims for labor and material with defendant casualty company as surety thereon; that they have fully performed their contract; that the city has paid them the sum of $43,288.13 only, and refuses to pay the remainder of the contract price until plaintiffs pay various claims asserted against them by third parties; that these third parties are made defendants; that some of these third parties claim an interest in the balance of the contract price remaining unpaid; that some, but not all, of these third parties claim to have furnished labor and material for the work; that plaintiffs did not incur and are not liable for certain of these claims, and that defendant casualty company is liable on its bond for all just claims for labor or material furnished for the work which plaintiffs fail to pay. The relief asked is that the several claimants be required to prove their respective claims; that the casualty company be required to defend against any claims for which it denies liability; that the court give to each and all of the parties such relief as may be equitable and

just, and that plaintiffs have judgment against the city for the unpaid part of the contract price.

In its answer the casualty company admitted liability for all just claims for labor or material furnished for the work which plaintiffs should fail to pay, and further admitted and alleged that plaintiffs had fully performed their contract; that defendant city retained and refused to pay plaintiffs a large amount due and payable to them under the terms of the contract; that the several parties designated therein asserted claims against plaintiffs, and that the company had no knowledge or information sufficient to form a belief as to the existence or validity of any of such claims. The casualty company asked that the city be required to pay plaintiffs whatever amount should be determined to be due under the contract, and that plaintiffs be required to apply the same in payment of such claims as the court should find to be valid.

The action was commenced in December, 1917. In December, 1918, a year later, the casualty company applied for leave to serve and file a cross-complaint. From the proposed cross-complaint it appears, among other things, that on July 13, 1916, the Ganley Construction Company as a copartnership entered into the contract set forth in the plaintiffs' complaint; that sometime in the year 1917 a corporation was organized under the name of "Ganley Construction Company;" that on August 20, 1917, this corporation entered into a contract with the city of Pipestone to do certain paving therein not included in the contract with the copartnership, and that the casualty company is surety for the corporation on this contract as well as for the copartnership on the other contract, and desires to have all the claims and controversies arising under both contracts settled and determined in this action. The court denied the application, on the ground that the trial had already been postponed two or more times since the cause was at issue, and that the cross-complaint, if admitted, would bring a new and separate cause of action into the case, and would result in carrying it over the next regular term of court which opened two weeks later.

We find no abuse of discretion in the ruling and it is affirmed.